UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER PRESTIEN, | |
| Plaintiff, | Civil Action No. |
| -vs- | **PLAINTIFF REQUESTS A TRIAL BY JURY** |
| VISION ACADEMY CHARTER SCHOOL and ADAM KENZ, *individually*; | |
| Defendants. | **COMPLAINT** |

Plaintiff, JENNIFER PRESTIEN ("Plaintiff" and/or "Ms. Prestien") by and through her undersigned counsel hereby files this Civil Action Complaint against Defendants VISION ACADEMY CHARTER SCHOOL and ADAM KENZ, *individually*, and upon information and belief avers the following:

### NATURE OF THE CASE

Plaintiff complains of interference with and retaliation for exercising her rights under the Family and Medical Leave Act of 1993, as codified, 29 U.S.C. § 2601 *et seq*. ("FMLA") and seeks damages to redress injuries Plaintiff suffered as a result of Defendants' conduct.

### JURISDICTION AND VENUE

1. This action involves a question of federal law under the Family and Medical Leave Act of 1993, as codified, 29 U.S.C. § 2601 *et seq*. ("FMLA").

2. Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in the county of Delaware within the Commonwealth of Pennsylvania where the violations of the FMLA occurred.

**PARTIES**

3. Plaintiff JENNIFER PRESTIEN ("Plaintiff" or "PRESTIEN") is an adult individual female who resides in the Commonwealth of Pennsylvania.

4. Defendant VISION ACADEMY CHARTER SCHOOL ("Defendant" and/or "VISION") is a domestic nonprofit corporation created under and authorized to do business pursuant to the laws of the Commonwealth of Pennsylvania.

5. At all times material, Defendant VISION operated and continues to operate a charter school in the county of Delaware, located at 153 Penn Boulevard, East Lansdowne, PA 19050 ("the school.")

6. At all times material, Defendant VISION employed Plaintiff at the school.

7. At all times material, Plaintiff was qualified for her position with Defendant VISION.

8. At all times relevant to this complaint, Defendant VISION employed more than fifty people within 50 miles of 153 Penn Boulevard, East Lansdowne, PA 19050 and were subject to federal statutes including the FMLA.

9. Defendant ADAM KENZ ("KENZ") is an individual male who was and is employed by Defendant VISION as Chief Executive Officer.

10. At all times material, Defendant KENZ held supervisory authority over Plaintiff.

11. Defendant KENZ is considered an "employer" under the FMLA as set forth in 29 U.S.C. § 2611(4)(A)(ii)(I) and is therefore subject to individual liability separate from and in addition to Defendant VISION.

**MATERIAL FACTS**

12. Around January 2023, Plaintiff began working for Defendant VISION as an ELA Content Specialist.

13. At all times, Plaintiff excelled in her position and fulfilled the terms and conditions of her employment.

14. Demonstrating such, Plaintiff was promoted to Director of Curriculum and Instruction for the 2023-2024 school year.

15. As a member of the school's leadership team, Plaintiff ensured that her voice was heard to advocate for all of the school's students, especially the school's numerous minority students whom she felt were often subjected to discriminatory actions, as well as for certain coworkers who were also targeted.

16. While Plaintiff did her best to advocate for the school's students, her actions unfortunately led to repeated targeting and harassment perpetrated against her by several of her coworkers who were unhappy with her advocacy both for her students and her fellow staff members who were subjected to discriminatory and inappropriate treatment by those same coworkers.

17. Around October 2023, Plaintiff's eighteen year old daughter was also hired by Defendant Vision at the same location (the school) as a Personal Care Assistant.

18. Plaintiff's daughter suffered from mental health concerns both prior to and during her employment with Vision, which were disclosed to the school.

19. Unfortunately, due to Plaintiff's daughter's relation to Plaintiff, the same coworkers who regularly targeted Plaintiff began to also target Plaintiff's daughter for harassment and verbal assault.

20. In January 2024, the harassment of Plaintiff's daughter dramatically escalated, leading to Plaintiff's daughter needing to file a formal police report after being threatened and verbally assaulted by a coworker, who admitted to harassing Plaintiff's daughter due to her mental health condition.

21. Plaintiff's daughter ended up resigning as a result of the constant harassment and the school's apparent disinterest in any type of remediation or appropriate action.

22. Plaintiff accordingly expressed her concerns to Defendant Kenz about the constant harassment directed at both herself and her daughter, but Defendant Kenz appeared uninterested in taking any action.

23. Even after Plaintiff's daughter left the school's employment, the harassment continued when those same coworkers would see Plaintiff's daughter when she would pick up or drop off Plaintiff from the school.

24. Unfortunately, Plaintiff's daughter's mental health condition worsened following her resignation, leading to her suicide attempt in March 2024.

25. As a result, later in March 2024, Plaintiff advised Defendants that she would be applying for leave under the Family and Medical Leave Act ("FMLA") due to her own mental health concerns and those connected with caring for her daughter's serious condition.

26. Plaintiff was fully eligible for leave under the FMLA, as she had worked for Vision for more than 12 months prior to her leave, had worked for greater than 1,250 hours during the 12 months prior to the start of her leave, and Defendant Vision employed more than 50 employees within 75 miles of Plaintiff's work location.

27. Plaintiff accordingly had her physician complete all necessary forms to begin her leave under the FMLA, and submitted her paperwork on March 27.

28. The very next day, on March 28, Defendant Kenz contacted Plaintiff and directed her to meet with him at the school.

29. When Plaintiff did so, Defendant Kenz stated to her that Defendant Vision's attorney wanted a "second opinion" on the necessity of Plaintiff's FMLA leave.

30. In response, Plaintiff agreed to do so (even though such an additional evaluation was not required by the FMLA).

31. Apparently expecting Plaintiff to object to the additional examination, Defendant Kenz then stated to Plaintiff that the additional examination would be very expensive, and appeared unhappy about her ready agreement to submit to the same.

32. Defendant Kenz then stated to Plaintiff that she could "easily" have her FMLA approved by Defendants if she agreed to not return to her position for the following school year - i.e., to resign her employment.

33. Prior to this conversation, while Plaintiff had expressed that she may have not returned to the school *if* the ongoing hostile working environment was not rectified, she had not made a final decision or notified the school of such.

34. Plaintiff reluctantly agreed to not return to the school for the following year, and Defendants then approved her FMLA within several days.

35. Defendants' actions constituted not only blatant interference with Plaintiff's FMLA rights, but also retaliation for her decision to apply for and take FMLA leave.

36. Moreover, as Defendants used their influence over Plaintiff's necessary FMLA leave to force her into a "resignation" that she had no true choice in, Plaintiff was constructively terminated by Defendants.

37. As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

38. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

39. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer a loss of income, loss of salary, bonuses, benefits and other compensation which such employment entails.

40. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

41. Plaintiff has further experienced severe emotional and physical distress.

42. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants, jointly and severally.

43. The above are just some of the examples of the discrimination and retaliation to which Defendants subjected Plaintiff.

44. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

**AS A FIRST CAUSE OF ACTION FOR INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT**

45. Plaintiff hereby incorporates each and every allegation contained in the above paragraphs of this complaint as fully as if they were set forth at length.

46. The Family and Medical Leave Act, as codified, 29 U.S.C. § 2615 *et seq.* ("FMLA") prohibits interference with the rights of a covered employee to take FMLA leave.

6

47. Plaintiff was a covered employee who applied for FMLA leave from Defendants.

48. Defendants unlawfully and willfully interfered with Plaintiff's rights to take FMLA leave.

49. Plaintiff makes claims for all damages available to her as a result of Defendants' interference with her rights under the FMLA.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

50. Plaintiff hereby incorporates each and every allegation contained in the above paragraphs of this complaint as fully as if they were set forth at length.

51. The Family and Medical Leave Act, as codified, 29 U.S.C. § 2615 *et seq.* ("FMLA") prohibits retaliation against a covered employee who exercises their rights under the FMLA.

52. Plaintiff was a covered employee who applied for FMLA leave from Defendants.

53. Defendants retaliated against Plaintiff by coercing her into resigning her employment as a condition of approving her FMLA leave once she had applied, and thereby constructively terminating her employment.

54. Plaintiff makes claims for all damages available to her as a result of Defendants' unlawful retaliation against her for exercising her rights under the FMLA.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, including but not limited to, all emotional distress, back pay, front pay, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursements of action; and, for such other relief as the Court deems just and proper.

Dated: October 8, 2025

                                            **FREUNDLICH & LITTMAN, LLC**
                                            *Attorneys for Plaintiff Jennifer Prestien*

                                            By: */s/ Nathaniel N. Peckham, Esq.*
                                            Nathaniel N. Peckham, Esq.
                                            1425 Walnut Street, Suite 200
                                            Philadelphia, PA 19102
                                            P: (215) 545-8500
                                            F: (215 545-8510
                                            E: nathaniel@fandllaw.com